TOMASA CARRILLO DE QUIÑONES ET AL., Plaintiffs and Appellees, v. JUAN R. ZALDUONDO ET AL., Defendants and Appellants.

No. 6345. Argued May 29, 1933.—Decided June 2, 1933.

R. García Cintrón for appellants. González Fagundo & González, Jr., for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The plaintiffs petitioned the District Court of Humacao to decree the partition of three rural properties which they hold in common with the defendants. Their complaint is verified. The defendants answered denying generally the allegations of the complaint, and. set up as a special defense that the plaintiffs had leased to them the properties in question and had agreed not to partition the same until the termination of such lease.

The case went to trial. The plaintiffs offered in evidence a certificate of the Registry of Property of Humacao and several deeds showing that they are the owners of the undivided interests referred to in the complaint, and they stipulated with the defendants in open court that the plaintiff Carlos Ramón Quiñones is an emancipated minor, and that the amount in controversy exceeds $500; whereupon they rested.

The defendants presented a motion for a nonsuit. They alleged that the verification of the complaint was a nullity because it was made by the attorney and not by the party, and the only reason adduced was that the party was not a resident of the locality and could not at that time remove thereto. That this being so, it was incumbent on the plaintiffs to prove—which they failed to do—the allegation of a formal demand upon the defendants to make the partition and their refusal to do so.

Before the court had ruled on that motion, the plaintiffs requested permission—and the court over the objection of the defendants granted it—to offer evidence on the above question. Thereupon Mrs. Tomasa Carrillo testified to the effect that she was the mother of the other plaintiff, that she knew the defendants, that she had formally requested them to partition the land mentioned in the complaint and that they refused to consent thereto.

The defendants offered no evidence and the court rendered judgment in favor of the plaintiffs. Feeling aggrieved by that judgment, the defendants took an appeal to this Court on February 8th last. On the 27th of April following, the plaintiffs moved to dismiss the appeal as frivolous. Their motion was denied for failure to put this Court in a position to rule on the motion. On May 19th last, they again moved for a dismissal on the same reason, and accompanied their motion with a statement on the case prepared by the appellants themselves and which had not as yet been approved by the district court.

Even though the statement of the case has not yet been approved, as it was prepared by the appellants, the appellees may avail themselves of it to request the dismissal of the appeal which implies an affirmance of the judgment appealed from. The appellants can not complain that we use as a basis for deciding the case what they themselves prepared.

Nor is it necessary to wait for the action of the trial court, because what the appellees request is that the judgment be affirmed. And we should adopt this procedure because if in truth we are dealing with a frivolous appeal, taken solely for the purpose of delaying the execution of a fair judgment, the step taken by the plaintiffs to secure a dismissal of the appeal should be expedited.

That the appeal is frivolous is something that appears at first view. The complaint is sufficient. The facts alleged therein were proved at the trial. No evidence was offered as to the only defense set up by the defendants.

Section 334 of the Civil Code, 1930 ed., provides that no co-owner shall be obliged to remain a party to the community, but each may, at any time, demand the partition of the thing held in common.

Here the plaintiffs exercised that right and did so in accordance with the rules relating to partition prescribed in the Civil Code itself. Those rules were followed by the court in rendering its judgment, which reads in part as follows:

"... (It) decrees the division of the three properties, hereinafter described and which are the object of this suit, into lots to be awarded to each of the co-owners, and each of them shall receive a portion of each property equivalent to the number of acres (*cuerdas*) to which each co-owner may be entitled therein; said division to be effected by three arbitrators appointed one by each party and a third one by the Court; and the parties are to submit, when this judgment becomes final, the names of those that are to be appointed together with the one the Court is to appoint, in accordance with the terms of this judgment."

The motion to dismiss the appeal should be granted.